UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
SOMAYAH M. OMAR,                              )
                                              )
        Plaintiff,                            )
                                              )
    v.                                        ) Civil Action No. 04-2290 (RBW)
                                              )
INTERNAL REVENUE SERVICE,                     )
                                              )
        Defendant.                            )
                                              )

MEMORANDUM OPINION

Plaintiff alleges that she overpaid her income taxes from 1990 through 2003. She seeks to recover $3,751 for her alleged overpayment for tax year 1990. Defendant moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings on the ground, among others, that the case is barred by the statute of limitations.[1] Upon consideration of the motion, plaintiff's opposition, and the entire record, the Court will grant defendant's motion and dismiss this case.

Under the statute applicable to defendant's motion:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the

---

[1] Any party may so move after the "pleadings are closed." The pleadings consist of the complaint [Dkt. No. 1] and defendant's answer filed on June 10, 2005 [Dkt. No. 7]. *See* Fed. R. Civ. P. 7(a).

      Secretary to the taxpayer of a notice of the disallowance of the part of the claim
to which the suit or proceeding relates.

26 U.S.C. § 6532(a) (2005).[2]  The Internal Revenue Service denied plaintiff's claim by notice dated November 20, 2002, which was sent to plaintiff by certified mail.  *See* Complaint Attachment.[3]  The Clerk of this Court received plaintiff's complaint and application to proceed *in forma pauperis* on November 22, 2004, two days beyond the two-year limitations period.  *See* Dkt. No. 2 at 2 ("Received" date stamp).[4]  Defendant therefore asserts correctly that because the claim is time-barred, the Court is without subject matter jurisdiction.  *United States v. Dalm*, 494 U.S. 596, 602 (1990).[5]

                                               _____s/_____
                                                Reggie B. Walton
                                                United States District Judge

Date: December 21, 2005

---

[2]    It is unclear whether plaintiff is also seeking to obtain refunds for the tax years 1991-2003.  If so, defendant asserts correctly that the Court lacks subject matter jurisdiction over such claims because plaintiff has not shown that she filed an administrative claim for a refund for those years, as is required by 26 U.S.C. § 7422(a) (2005).  *See United States v. Dalm*, 494 U.S. 596, 602  (1990) ("unless a claim for refund of a tax has been [timely] filed [with the Secretary] . . . a suit for refund . . . may not be maintained in any court.").

[3]    Consideration of this document in the Rule 12(c) context does not convert the motion to dismiss into one for summary judgment, 2 *Moore's Federal Practice* § 12.38 & n. 3.1 (3d ed. 2005), because like a Rule 12(b)(6) motion, the Court may consider "any documents either attached to or incorporated in the complaint and . . . matters of a general public nature, such as court records,  without converting the motion to dismiss into one for summary judgment."  *Baker v. Henderson,* 150 F. Supp.2d 13, 15 (D.D.C. 2001).

[4]    Because of the Court's delay in ruling on plaintiff's *in forma pauperis* application submitted with the complaint, the case was not formally filed until December 30, 2004.  Under these circumstances, the delay between plaintiff's presentment of the complaint and its actual filing is not attributed to plaintiff.  *See, e.g., Guillen v. National Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (finding a Title VII litigant "not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis*. . . . [T]he presentation of a complaint [and] a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations . . . ") (citations omitted); accord *Washington v. White*, 231 F. Supp.2d 71, 75-76 (D.D.C. 2002) (citing cases).

[5]  A separate Order of dismissal accompanies this Memorandum Opinion.